RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

12 MAR 14 PM 1:29

Jason A. Gaza )
    Plaintiff )
 ) CIVIL ACTION
vs. ) FILE NO. 8:12 CV 556 T 23 TBM
 )
Healthcare Revenue Recovery Group LLC )
    Defendant )

## COMPLAINT

Plaintiff, Jason A. Gaza, brings this action against Defendant, Healthcare Revenue Recovery Group LLC (hereinafter "HRRG"), on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding phone calls made to the Plaintiff. Plaintiff, an individual, institutes this action for actual and statutory damages against defendant and the costs of this action Jointly and Severally against the defendant for multiple violations of the Telephone Consumer Protection Act (hereinafter "TCPA") 27 U.S.C. § 227 et seq.

### II. PARTIES

1. Plaintiff is a natural person residing in Spring Hill, Pasco County, Florida.

2. Defendant HRRG is a Florida limited liability company engaged in the collection of consumer debts with its principal place of business located at 1801 N.W. 66TH Avenue, Suite 200C, Plantation, Florida 33313.



1

3. Defendant, HRRG, may be served upon its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida, 32301.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331.

5. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### IV. STATUTORY STRUCTURE TCPA

6. The Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") amended the Federal Communications Act, 47 U.S.C. § 151, et seq. ("FCA") to address the use of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages received by cell phones, and the use of fax machines to send unsolicited advertisements.

7. Under the TCPA, "automatic telephone dialing system" (hereafter "ATDS") means equipment which has the capacity—

    (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B) to dial such numbers.

    47 U.S.C. § 227 (a)(1)

8. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice

message to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

9. Under the TCPA, a person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

   (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

   (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

   (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227 (b)(3).

## V. FACTUAL ALLEGATIONS

10. Shortly before October 12, 2011, the Plaintiff bought a cell phone from T-Mobile USA Inc.

11. On or shortly before October 12, 2011, the Plaintiff activated his newly purchased cell phone and was assigned phone number 813-500-0449.

12. On October 12, 2011, the Plaintiff started receiving ATDS phone calls from HRRG.

13. On pre-recorded messages to the Plaintiff's cell phone, the Defendant did not use their full legal name.

14. From October 12, 2011 to January 11, 2012, the defendant called the Plaintiff thirteen (13) times with an ATDS.

15. On January 20, 2012, a draft copy of this complaint and call log with detailed times when calls were received by the Plaintiff was emailed to John Stair, counsel for the Defendant HRRG.

16. After January 20, 2012 to March 7, 2012, the Defendant continued to call the Plaintiff at least two (2) times.

17. The Plaintiff incurred monetary damages as a result of some of the phone calls to his cell phone.

18. The Defendant is calling for a party who is not the Plaintiff.

19. The Plaintiff never provided the Defendant express consent to call cell phone number 813-500-0449.

## VI. TCPA VIOLATIONS

20. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violation of the TCPA include, but are not limited to, the following:

21. The actions of the Defendant individually and collectively violated the TCPA.

22. By the Defendant calling the Plaintiff's cell phone a total of at least fifteen (15) times with an ATDS or pre-recorded messages without express consent, the Defendant violated the TCPA. 27 U.S.C. § 227

23. By the Defendant calling at least two (2) times of the at least fifteen times (15) even after they were made aware they were in violation of the TCPA the Defendant willfully and knowingly violated the TCPA. 27 U.S.C. § 227

24. By the Defendant not using their full legal name in pre-recorded messages, the Defendant violated the TCPA. 27 U.S.C. § 227

WHEREFOR, Plaintiff prays that judgment be entered against the Defendant for the following:

(1) Statutory damages pursuant to TCPA 47 U.S.C. § 227(b)(3).

(2) Fair and reasonable costs of this action, court costs and attorney's fees.

(3) Injunctive relief.

(4) Such other and further relief that the Court deems just and proper.

*/s/*

Jason A. Gaza (Pro Se)
11628 Pilot Country Drive
Spring Hill, FL 34610
813-758-4367
gizmosdaddy.gaza@gmail.com